IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKEY RANDALL REX SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv1006-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On November 13, 2012, federal inmate Rickey Randall Rex Smith ("Smith") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 1.) By his motion, Smith challenges his convictions and the resulting life sentence imposed by this court in March 2010 on charges of production, transportation, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(1) & 2252A(a)(5)(B).

Smith claims that his trial counsel rendered ineffective assistance of counsel by advising him to reject a plea offer allegedly extended to him before he entered his guilty plea. (Doc. No. 1 at 6-10.) He also claims, in an amendment to his § 2255 motion, that (1) the district court's calculation of his base offense level using the 2009 Sentencing Guidelines resulted in an Ex Post Facto Clause violation under the holding of *Peugh v. United States*, __ U.S. __, 133 S.Ct. 2072 (2013), and (2) the Government engaged in prosecutorial misconduct in obtaining his indictment. (Doc. No. 14.)

The Government argues that Smith's § 2255 motion is time-barred because it was filed after expiration of the one-year limitation period in 28 U.S.C. § 2255(f). (Doc. Nos. 7 & 21.). The court concludes that the Government is correct and that the § 2255 motion should be denied because it was not filed within the time allowed by federal law.

## II.  DISCUSSION

The timeliness of Smith's § 2255 motion is governed by 28 U.S.C. § 2255(f). That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

On January 12, 2010, Smith pled guilty under a three-count indictment charging him

with to the production, transportation, and possession of child pornography.[1] On March 29, 2010, the district court sentenced him to life imprisonment under 18 U.S.C. § 3559(e) as a repeat sex offender against children. Judgment was entered by the district court on April 2, 2010.

Smith took no direct appeal. His conviction therefore became final on April 16, 2010. *See* Fed.R.App.P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Under 28 U.S.C. § 2255(f)(1), Smith had until April 18, 2011 (the first business day after April 16, 2011), to file a timely § 2255 motion. His § 2255 motion, however, was not filed until November 13, 2012. Consequently, his motion is time-barred unless the limitation period in his case began to run at a date later than April 16, 2010, under a provision of 28 U.S.C. § 2255(f)(2) - (4) or is subject to equitable tolling.

<u>Section 2255(f)(3) and Claim under *Lafler v. Cooper/ Missouri v. Frye*</u>

Smith contends that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) pursuant to what he says is the applicability to his convictions of the United States Supreme Court's holdings in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399 (2012). (Doc. No. 1 at 4-10.) *Lafler* and *Frye*, both of which the Supreme Court decided on March 21, 2012 (less than a year before Smith filed his § 2255 motion), recognized that the Sixth Amendment guarantees a defendant the right to effective assistance of counsel during the plea-bargaining process. *See* 132 S.Ct. at 1384; 132 S.Ct.

---

[1] There was no plea agreement between the Government and Smith.

at 1405.  In invoking *Lafler*/*Frye*, Smith alleges his trial counsel was ineffective for advising him to reject a plea offer allegedly extended to him before he entered his guilty plea.  He contends that his § 2255 motion is timely under § 2255(f)(3), as it was filed within one year of the date of the *Lafler* and *Frye* decisions.

Section 2255(f)(3) provides for the one-year limitation period to start the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f)(3).  Notwithstanding Smith's attempt to restart the limitation period for his motion via § 2255(f)(3) and *Lafler*/*Frye*, the Eleventh Circuit has recognized that neither *Lafler* nor *Frye* applies retroactively.  In *In Re Perez*, 682 F.3d 930 (11th Cir. 2012), the Eleventh Circuit held *Lafler* and *Frye* did not set forth new rules of constitutional law because those cases are "merely an application of the Sixth Amendment right to counsel, as defined in *Strickland* [*v. Washington*, 466 U.S. 668, 686 (1984)], to a specific factual context."  682 F.3d 930 at 932.  The court in *Perez* concluded, "[B]ecause we cannot say that either *Lafler* or *Frye* 'breaks new ground or imposes a new obligation on the State or Federal Government,' they did not announce new rules."  *Id*. at 933.

Because the Supreme Court in *Lafler* and *Frye* recognized no new constitutional right, those decisions are not retroactive and there is no basis for restarting the limitation period under § 2255(f)(3).  Therefore, § 2255(f)(3) does not control the limitation period for Smith to file his § 2255 motion and his *Lafler*/*Frye* claim is not properly before this court.

### Section 2255(f)(3) and Claim under *Peugh*

Smith contends his § 2255 motion is also timely under § 2255(f)(3) based on the purported applicability to his sentence of the Supreme Court's recent holding in *Peugh v. United States*, __ U.S. __, 133 S.Ct. 2072 (2013). (Doc. No. 14 at 1.) In *Peugh*, which was decided on June 10, 2013, the Supreme Court held that the Ex Post Facto Clause is violated when a defendant is sentenced under a version of the Sentencing Guidelines promulgated after he committed his crime if the newer version of the guidelines yields a higher sentencing range. *Peugh*, 133 S.Ct. at 2084.

According to Smith, the district court's calculation of his base offense level using the 2009 Sentencing Guidelines, rather than the 2000 Sentencing Guidelines in effect when he says his crimes occurred, resulted in an increase in the guidelines range under which he was sentenced, in violation of the Ex Post Facto Clause and *Peugh*.[2] (Doc. No. 14 at 1.) In particular, he notes that the 2000 Sentencing Guidelines call for a base offense level of 27 for an offense under 18 U.S.C. § 2251(a), while the 2009 Sentencing Guidelines applied to him call for a base offense level of 32 for an offense under § 2251(a). (*Id.*)

Smith contends that, under § 2255(f)(3), the limitation period did not begin to run until the date *Peugh* was decided and that, therefore, his *Peugh*-based allegation in the

---

[2] The Sentencing Guidelines themselves provide that the sentencing court should use the Guidelines Manual in effect on the date the defendant is sentenced. *See* U.S.S.G. § 1B1.11(a). However, should the sentencing court determine that the use of those guidelines would violate the Ex Post Facto Clause, the court is instructed to use the Guidelines Manual in effect on the date the offense of conviction was committed. *See id.* at § 1B1.11(b)(1). *See also, e.g., United States v. Stark*, 262 Fed. App'x 930, 933 (11th Cir. 2008).

5

amendment to his § 2255 motion is timely.[3]  (Doc. No. 14 at 1.)  Smith's attempt to rely on *Peugh* to argue that his claim is timely under § 2255(f)(3) is misplaced.  *Peugh* does not apply retroactively to cases on collateral review – a prerequisite to application of § 2255(f)(3).  *See, e.g., Hawkins v. United States*, 724 F.3d 915, 917 (7th Cir. 2013) (holding *Peugh* does not apply retroactively on collateral review); *Rogers v. United States*, 561 Fed. App'x 440, 443-44 (6th Cir. 2014) (same); *Jenkins v. United States*, 2014 WL 2918677, at *3 (N.D. Ga. Jun. 26, 2014).

Moreover, notwithstanding his claim that his crimes occurred in 2000, the record reflects that Smith's offenses took place, or were completed, in 2005.  The base offense level for a violation of 18 U.S.C. § 2251(a) was increased from 27 to 32 in the 2004 Sentencing Guidelines.  *Compare* U.S.S.G. § 2G2.1 (2000) and U.S.S.G. § 2G2.1 (2004).  The 2009 Sentencing Guidelines also call for a base offense level of 32 for an offense under § 2251(a).  Thus, the base offense level for Smith's crimes under the guidelines in effect at the time of his sentencing in 2009 was the same level 32 under the guidelines in effect when he committed his crimes in 2005.  Smith fails to demonstrate an ex post facto violation or a violation of the principles stated in *Peugh*.

Finally, the sentence actually imposed against Smith was not controlled by his sentencing range calculated under the guidelines, but rather by the statutory provisions of

---

[3] This argument regarding § 2255(f)(3) does not apply to Smith's claim (in the amendment to his motion) regarding prosecutorial misconduct (*see* Doc. No. 14 at 2) or his claim (in his original motion) regarding his counsel's alleged ineffective assistance under *Lafler*/*Frye*.

18 U.S.C. § 3559(e), which mandated that he be sentenced to life in prison as a repeat sex offender against children. *See* 18 U.S.C. § 3359(e). Thus, any supposed ex post facto error in the calculation of Smith's guidelines sentencing range – and Smith demonstrates no such error – would be harmless.

Smith's claim that his sentence violates the holding in *Peugh* is meritless, and § 2255(f)(3) does not control the limitation period for him to file his § 2255 motion.

### Equitable Tolling

The limitation period in federal habeas proceedings (28 U.S.C. §§ 2254 and 2255) may be equitably tolled on grounds apart from those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."[4] *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Smith has presented no grounds for equitable tolling, and the court finds none. Because Smith fails to establish – or even assert – grounds for equitable tolling, his § 2255 motion is time-barred under § 2255(f)(1).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

---

[4] In *Holland v. Florida.*, 560 U.S. 631 (2010), the Supreme Court confirmed that the limitation period is subject to equitable tolling where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

U.S.C. § 2255 motion be denied as it was not filed within the controlling federal limitation period and this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before January 22, 2015.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 8th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE