IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKEY RANDALL WREX SMITH, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 1:12-CV-1006-WKW [WO] |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

## **ORDER**

Before the court are Petitioner's motions for leave to object to the Recommendation. (Docs. # 38–39.) The motions are due to be denied as untimely insofar as Petitioner seeks leave to file objections to the Recommendation. For Petitioner's benefit, however, the motions will be construed as containing a singular motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). For the reasons that follow, the Rule 59(e) motion is due to be denied.

### A.   **Motions for Leave to Object to the Recommendation**

On January 8, 2015, the Magistrate Judge entered a Recommendation that Petitioner's 28 U.S.C. § 2255 motion be denied because it was not filed within the applicable statute of limitations and because Petitioner presented no grounds to warrant equitable tolling. Final judgment has been entered twice in this case, once

on February 3, 2015, and once on March 19, 2015.  Both judgments were entered based upon an independent review of the record and after Petitioner failed to file timely objections to the Magistrate Judge's Recommendation.  On February 13, 2015, the court vacated the February 3, 2015 judgment based upon Petitioner's emergency motion for an extension of time to file objections and gave Petitioner until March 2, 2015, to file objections.  The March 2 deadline passed, however, without receipt of any objections from Petitioner; hence, on March 19, final judgment was entered again.  Petitioner indicates in his motions for leave to object, which were received and docketed on March 31, 2015, that he received the Order granting him an extension of time on February 22, 2015.  He did not file his objections, though, until March 13, 2015, eleven days after the March 2 extended deadline.[1]  Accordingly, it is ORDERED that Petitioner's motions for leave to object to the Recommendation (Docs. # 38–39) are DENIED as untimely.

B.     **Rule 59(e) Motion to Alter or Amend the Judgment**

While Petitioner's objections are untimely, the court will construe the motions for leave to object as containing a singular motion to alter or amend the judgment pursuant to Rule 59(e).  Rule 59(e) authorizes the filing of a motion to alter or amend a judgment after its entry.  This rule provides no specific grounds

---

[1] The March 13, 2015 filing date is based upon Petitioner's representation that he delivered his objections to prison authorities for mailing on that date.  *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008) ("Under the mailbox rule . . . a prisoner's pleading is considered filed on the date the prisoner delivers such to prison authorities for filing.").

for relief, and "[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985).  In the Eleventh Circuit, grounds for granting a Rule 59 motion are newly discovered evidence, an intervening change in controlling law, or the need to correct clear error or prevent manifest injustice.  *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Am. Tower, L.P. v. City of Huntsville, Ala.*, No. CV-99-B-2933-NE, 2000 WL 34017802, at *25 (N.D. Ala. Sept. 29, 2000).  Rule 59 does not give dissatisfied parties the chance to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

    Petitioner has not produced any newly discovered evidence that justifies equitable tolling of the statute of limitations.  Nor has he demonstrated an intervening change in controlling law.  Moreover, none of his arguments shows the need to correct clear error or prevent manifest injustice.  Accordingly, because Petitioner has presented no grounds that entitle him to relief under Rule 59(e), it is ORDERED that his motion to alter or amend the judgment (Docs. # 38–39) is DENIED.

    DONE this 8th day of April, 2015.

                                      /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE